STATE OF MAINE                           BUSINESS AND CONSUMER COURT
CUMBERLAND, ss                               Location: Portland
                                             Docket No.: BCD-CV-14-64          ✓

NICKERSON et al.,                    )
                                     )
                Plaintiffs,          )
                                     )
        v.                           )
                                     )    ORDER ON DEFENDANT'S MOTION
TD BANK, N.A.,                       )    TO DISMISS
                                     )
                Defendant.           )

## I.   INTRODUCTION

Before the Court is Defendant TD BANK, N.A.'s ("TD Bank") Motion to

Dismiss Plaintiffs' Complaint under Rule 12(b)(6) of the Maine Rules of Civil Procedure.

Defendant makes two arguments in support of its motion. First, it argues that 33 M.R.S.

§ 551 ("Section 551") is pre-empted by federal law and regulations, specifically the

National Bank Act ("NBA") 12 U.S.C. §38 *et seq.*, as well as regulations promulgated by

the Office of the Comptroller of the Currency ("OCC"). The motion also argues that the

allegations in the Complaint contain insufficient specificity regarding when and/or if TD

Bank received the recorded mortgage release from the registry of deeds, and "merely

alleges threadbare conclusions with a formulaic recitation of the elements" of the statute

allegedly violated. The Court will address the arguments separately.

## II.   ANALYSIS

### A. Preemption

The Law Court has held that federal preemption may occur in several ways:

> Preemption occurs when Congress, in enacting a federal statute, expresses
> a clear intent to preempt state law, when there is an outright or actual
> conflict between federal and state law, where compliance with both

1

federal and state law is in effect physically impossible, where there is implicit in federal law a barrier to state regulation, where Congress has legislated comprehensively, thus occupying an entire field of regulation and leaving no room for the State to supplement federal law, or where the state law stands as an obstacle to the accomplishment and execution of the full objectives of Congress.

*Me. Yankee Atomic Power Co. v. Me. Pub. Utils. Comm'n*, 581 A.2d 799, 802-03 (Me. 1990) (citing *Cent. Me. Power Co. v. Town of Lebanon*, 571 A.2d 1189 (Me. 1990)). In relation to the NBA, the U.S. Supreme Court has held:

States are permitted to regulate the activities of national banks where doing so does not prevent or significantly interfere with the national bank's or the national bank's regulator's exercise of its powers. But when state presciptions significantly impair the exercise of authority, enumerated or incidental under the NBA, the State's regulations must give way.

*Watters v. Wachovia Bank, N.A.*, 550 U.S. 1, 13 (2007) (citing *Barnett Bank of Marion Cnty. N.A. v. Nelson*, 517 U.S. 25, 32-34 (1996).

The NBA enables national banks to engage in mortgage lending, subject to OCC regulations, and the Defendant relies upon a specific regulation that provides that the national banks may make real estate loans without regard to state law limitations concerning, among other things, the "processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages...." 12 C.F.R. § 34.4(a)(10).

Defendant makes two arguments about preemption. First, it claims that Section 551 is expressly preempted by the NBA, and that it creates conflict preemption with federal law and regulations. As to express preemption, Defendant argues that requiring national banks to comply with Section 551's requirements regarding the filing (at the registry) and the mailing (to the lender) of the mortgage release constitute "processing" and "servicing" of mortgages. Plaintiffs argue that Section 551 is not preempted because

2

it only has force of law after the lending relationship between mortgagor and mortgagee has ended. As Plaintiffs put it, "no mortgage exists anymore." (Pl.'s Opp. Mot. 4.)

Plaintiffs also direct the Court to two federal cases: *Zink. v. First Niagra Bank, N.A.*, 18 F. Supp. 3d 363, 366 (W.D.N.Y. 2014), and *Adler ex rel. v. Bank of Am., N.A.*, 2014 WL 3887224, at *4 (S.D.N.Y. July 17, 2014) which found no preemption of state laws which imposed penalties on mortgagees who failed to present a certificate of discharge for recording within a certain period of time. Defendant argues that Plaintiffs misread these cases, and that they are inapposite to this case. Defendant points to language in these decisions that indicates the decisions turned on the finding that the state laws were not preempted because they fell within the "Savings Clause" provision for state laws "concerning the acquisition and transfer of real property." *Zink*, 18 F.Supp.3d at 370; *Adler*, 2014 WL 3887224, at *4.

The Court disagrees with the Defendant's reading of these cases. The cases address what it means to "process" and "service" a mortgage under 12 C.F.R. § 34.4(a)(10). While recognizing the limited legal authority on this issue, *Zink* squarely held that because executing a release does not occur during the lifetime of a loan, it cannot constitute processing or servicing a loan "because there is no longer a loan" to service or process. *Zink*, 18 F. Supp. 3d at 370 (citing, *Munoz v. Fin. Freedom Senior Funding Corp.* 573 F. Supp.2d 1275, 1280 (C.D. Cal 2008). While *Zink* does address the Savings Clause in 12 C.F.R. § 34.4(b), it did so in context of the conflict preemption analysis. Both *Zink* and *Adler* stand for the proposition advocated here by Plaintiffs, namely that there is no express preemption because state regulation of when a mortgage discharge must be filed does not constitute "servicing" or "processing mortgages."

3

With respect to the conflict preemption argument made by Defendant, the Court finds this argument unpersuasive. Defendant has failed to articulate how requiring the Defendant to comply with Section 551 would prevent or significantly limit the Bank's exercise of its powers under the NBA, or has more than an "incidental effect" on Defendant's lending practices. *See Pinchot v. Charter One Bank, F.S.B.*, 792 N.E. 2d 1105, 1116 (2003).

The Court concludes that Section 551 is not preempted by the NBA either under express or conflict preemption.

B. Failure to Plead Sufficient Factual Predicate

The Defendant makes the same argument as that made by defendants in three other related matters: *Jonathan A. Quebbeman v. Bank of America*, BCD-CV-15-01; *Alec T. Sabina and Emma L. Sabina v. Wells Fargo*, BCD-CV-14-26; and *Alec T. Sabina and Emma L. Sabina v. JP Morgan Chase*, BCD-CV-14-61. On April 6, 2015, the Court denied motions to dismiss in BCD-CV-15-01 and BCD-CV-14-26, and denied on April 13, 2015, the motion to dismiss in BCD-CV-14-61. For the reasons stated in those orders the Court will likewise deny the motion to dismiss in this case. Plaintiffs here, as in the other cases, have alleged facts incorporated into the language of a statute such that reference to the facts does simply recite the statutory language. There is case law suggesting this is enough even under the federal pleading standard, which is generally understood to be stricter than Maine's pleading standard. *White v. G.C. Servs. LP*, 2012 WL 4747156, at *2 (D. Nev. Oct. 2, 2012). However, in order to ensure that the defendants in these cases have fair notice as to how they allegedly violated Section 551, the Court will require Plaintiffs in this case as well to provide more specificity as to any

4

facts that it has in their possession as to whether the Registry of Deeds returned the original mortgage release to TD Bank, and if so when; and to provide more specificity as to any facts that it has in its possession as to when TD Bank mailed the original mortgage release, or when (or if) Plaintiffs ever received it.

## III. CONCLUSION

THE ENTRY WILL BE: Defendant's Motion to Dismiss is DENIED. Plaintiffs have 14 days from the date of this Order to provide further specificity as described in the preceding paragraph.

This Order may be noted on the docket by reference pursuant to Rule 79(a) of the Maine Rules of Civil Procedure.

4/13/15
_____
DATE

_____
M. Michaela Murphy, Justice
BUSINESS AND CONSUMER COURT

Entered on the Docket: 4/13/15
Copies sent via Mail___ Electronically ✓

5

**Arlene W. Nickerson and Stanley M. Nickerson, on behalf of themselves and all others similarly situated v. TD Bank, N.A.**

BCD-CV-2014-64


**Arlene W. Nickerson and Stanley M. Nickerson, on behalf of themselves and all others similarly situated**
    **Plaintiff**

    Counsel:                    Peter Van Hemel, Esq.
                                  Meredith Eilers, Esq.
                                  Michael Bosse, Esq.
                                  Daniel Mitchell, Esq.
                                  100 Middle Street
                                  PO Box 9729
                                  Portland, ME 04104-5029


**TD Bank, N.A.**
    **Defendant**

    Counsel:                    Emmy Monahan, Esq.
                                  88 Hammond Street, Suite 500
                                  Bangor, ME 04401
                                  and
                                  Lauren Thomas, Esq.
                                  477 Congress Street, 5th Floor
                                  Portland, ME 04101